IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE PEAKS,

   Plaintiff,

v.

OFFICER GANOE,

   Defendant.

Civil Action No.:  PX-22-0906

**MEMORANDUM OPINION**

In this civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff Dwayne Peaks, alleges that Defendant Officer Ganoe at Maryland Correctional Training Center ("MCTC"), transported him on prison grounds in a manner that violated Peaks' Eighth Amendment right to be free from cruel and unusual punishment.  ECF No. 3-1.  Presently pending is Ganoe's motion to dismiss the Amended Complaint which Peaks opposes.  ECF Nos. 17, 19.  The Court has reviewed the pleadings and finds a hearing unnecessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the following reasons, the motion to dismiss is GRANTED.

   **I.   Background**

On April 14, 2020, Ganoe was escorting Peaks to his housing unit from another building on the MCTC campus.  ECF No. 3-1 at 1.  Ganoe secured Peaks with "wrist restraints behind his back," and seated him in a golf cart.  *Id.*  "Contrary to mandatory policy directives," Peaks was not belted into the cart.  *Id.*  En route, Ganoe "accelerated several times increasing his speed," and at some point, "struck a 'bump' or some unknown object" in the road.  *Id.* at 2.  Peaks was ejected from the vehicle, landing on the right side of his torso, his right leg, the right side of his head, and his upper and lower back.  *Id.*  Peaks sustained injury to his "central nervous system," "upper and

1

lower spinal cord," and "skeletal structure," to include his "cranium, neck and back." *Id.* According to Peaks, his injuries were the result of Ganoe's negligence and "deliberate indifference" to Peaks' "personal safety and well-being." *Id.*

## II.     Standard of Review

In reviewing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the well-pleaded allegations as true and construes them in the light most favorable to Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A review for sufficiency is confined to the four corners of the complaint and documents attached or incorporated into the pleading. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although the Court must construe pro se pleadings generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), it cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.    Analysis

The Amended Complaint, read most charitably to Peaks, avers that Ganoe violated Peaks' right to be free from "unnecessary and wanton infliction of pain" under the Eighth Amendment to

the United States Constitution.  *See* U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016). The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).  To make the claim plausible, the inmate must aver sufficient facts that show the alleged wrongdoer failed to protect the inmate's health and safety with deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).  "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it … [T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences."  *Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (describing the applicable standard as an "exacting" one).

Accordingly, the Complaint must make plausible that the inmate was exposed to "a substantial risk of serious harm" known to the defendant prison official, and that the official willfully or recklessly disregarded that risk.  *Farmer*, 511 U.S. at 834, 837-38).  Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury."  *Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014).  Subjectively, a plaintiff must establish that the involved prison official had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety."  *Farmer*, 511 U.S. at 834.

Viewing the complaint facts most favorably to Peaks, the Eighth Amendment claim fails as a matter of law.  At worst, Ganoe failed to buckle Peaks into the golf cart and drove carelessly.  This amounts to little more than mere negligence which is insufficient to sustain an Eighth

Amendment deliberate indifference cause of action. *See Scott v. Becher*, 736 F. App'x 130, 134 (6th Cir. 2018) (noting that "failure-to-seatbelt cases 'involved mere negligence'" and did not rise to an Eighth Amendment violation) (citing *Thompson*, 878 F.3d at 105-06 ; *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (the "failure of prison officials to provide inmates with seatbelts on prison transport buses does not, standing alone, violate the Eighth or Fourteenth Amendments."); *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999) (noting that transporting individuals without seat belts did not present a "substantial risk of serious harm.").

Stated otherwise, nothing suggests that Ganoe acted intentionally or recklessly with indifference to Peaks' safety. Ganoe may have "accelerated several times increasing his speed," and then hit a bump which caused Peaks to be thrown from the cart. But no facts suggest that Ganoe acted intentionally or recklessly, and with the specific purpose of injuring Peaks. Because the Complaint fails to make plausible that Ganoe acted with deliberate indifference to Peaks' safety, the claim must be dismissed.[2]

**IV.  Conclusion**

For the foregoing reasons, Defendant's Motions to Dismiss will be GRANTED. A separate Order follows.

/S/

Paula Xinis
United States District Judge

---

[2] The Court will not reach Ganoe's alternative arguments as to why he is immune from suit.